UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Gregory McConnell,

                              Plaintiff,

                                                                           **Hon. Hugh B. Scott**

                                                                                 07CV475S

                              v.

                                                                                  **Decision**
                                                                                      **&**
                                                                                  **Order**

ABC-Amega, Inc. et al.

                              Defendants.
_____

      Before the Court is the plaintiff's motion to remand this matter back to the state court (Docket No. 15).

**Background**

      The plaintiff, Gregory McConnell ("McConnell") commenced this action in New York State court. In the state court complaint, McConnell alleges that he was employed by defendant ABC-Amega, Inc. ("ABC") from 1985 until December 3, 2003. He asserts that over the course of his 18 years of employment with ABC, he took as many as 6 leaves or absence to deal with his anxiety, depression, obsessive/compulsive disorder ("OCD"), and alcoholism. (Docket No. 1, Exhibit B at ¶ 8-9). He claims that he had performed satisfactorily over the course of his employment with ABC notwithstanding his disability. On December 3, 2003 he was terminated

1

by ABC. The alleged stated reason for his termination was that he was "not living up to their expectations." (Docket No. 1, Exhibit B at ¶ 11).  On June 6, 2004, McConnell applied for a job with Commercial Collection Corporation of New York ("CCC").  McConnell claims that "it appeared as though [he] would be hired to replace a high level employee" until defendant Robert Ingold (President of CCC) ("Ingold") advised McConnell that he had concerns about McConnell's mental health based upon information provided by defendant Robert Tharnish (a Vice President at ABC) ("Tharnish").  (Docket No. 1, Exhibit B at ¶ 13).  McConnell asserts that after several weeks of attempting to get a response from CCC, he learned in July of 2004 that he was not going to be hired.  McConnell alleges that he subsequently requested that ABC reinstate him to his position at ABC, but that he did not receive a response.   As a result of this conduct, McConnell alleges that the defendants have violated New York State Executive Law §296 and deprived him of his due process rights under the 5th and 14th Amendments to the United States Constitution. (Docket No. 1, Exhibit B at ¶ 16).  As a second cause of action, McConnell also asserts this conduct violated the provisions of Section 40-c of the New York State Civil Rights Law.  (Docket No. 1, Exhibit B at ¶ 22).  As a third cause of action, McConnell asserts that he was fired by ABC solely due to his age [48] in violation of  Executive Law §296 and the 5th and 14th Amendments to the United States Constitution. (Docket No. 1, Exhibit B at ¶¶ 27-29).

The defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 inasmuch as the complaint asserts claims arising out of the 5th and 14th Amendments to the United States Constitution.

**Discussion**

The plaintiff seeks to remand this action back to state court and requests costs be awarded against the defendant on the grounds that there is no "objectively reasonable basis for removal." (Docket No. 15, Memorandum of Law at page 11).

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal statutes are to be strictly construed, however, and any doubts resolved in favor of remand. See Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F.Supp.2d 367, 382-83 (S.D.N.Y.2006). The burden of showing that the exercise of jurisdiction by this Court is proper rests with the party seeking removal. See California Public Employees' Retirement System v. WorldCom. Inc., 368 F.3d 86, 100 (2d Cir.2004); Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir.1994). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. Id. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 126 S .Ct. at 1244 (citing Bell v. Hood, 327 U.S. 678, 681-85, (1946)).

In the instant action, the defendants removed this action from the state court alleging that the plaintiff asserted claims arising under the United States Constitution. (Docket No. 1 at ¶ 8). The defendants point to ¶¶ 16 and 29 of the Complaint. Paragraph 16, at the conclusion of the fist cause of action, states:

>As a result, the defendants have violated Executive Law §296 and have deprived the plaintiff of his rights without due process of law in violation of Article I of the New York Constitution *and the 5th and 14th Amendments to the United States Constitution*.

Similarly, in Paragraph 29 (at the conclusion of the third cause of action), the plaintiff alleges:

>The acts of the defendants violated Executive Law § 296 and Civil Rights Law § 40-c and constitute an unjust discrimination against the plaintiff in his civil rights because of his age, and have deprived the plaintiff of his rights without due process of law in violation of Article I of the New York Constitution *and the 5th and 14th Amendments to the United States Constitution*.

This language is typically sufficient to constitute a claim arising out of the United States Constitution for purposes of providing jurisdiction under §1331. See Dunlop v. City of New York, 2006 WL 2853972, at *3 (S.D.N.Y.,2006). Thus, the removal of this action was not improper.[1] However, the plaintiff is the master of his Complaint, and he "could have assured [himself] a state forum by bringing only claims arising under state law." Hickerson v. City of New York, 932 F.Supp. 550, 556 (S.D.N.Y.1996); Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 758 (2d Cir.1986)("[W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal."). Here, the plaintiff's counsel has expressly stated that there was no intention of asserting federal constitutional claims in this case. Counsel goes further and states that "There is no federal question raised in the complaint, the claims asserted are not federal claims ... ." (Docket No. 15 at ¶ 18). The Court construes this language as a withdrawal and

---

[1] The plaintiff's request for an award of costs and expenses is denied inasmuch as an objectively reasonable basis for jurisdiction under §1331 and § 1441 existed at the time of removal.

abandonment of the claims in the Complaint arising under the 5th and 14th Amendments to the United States Constitution. The plaintiff is bound by this representation from counsel. Thus, no federal questions remain in this case. See Vasura v. Acands, 84 F.Supp.2d 531 (S.D.N.Y. 2000)("[I]it should be noted that plaintiff is considered the master of her complaint, even when it comes to considerations of whether a case must be remanded for lack of jurisdiction. Citing *Moore's Federal Practice* § 107.14[3][b][ii], at 107.86-86.1 (3d ed. 1999)["The plaintiff may dismiss the federal claims on removal and then move to remand."]).

    The withdrawal of the federal claims does not *require* that the case be remanded to the state court. The Court has discretion to remand the pendent state claims or to retain jurisdiction over them. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); In light of the fact that no federal questions remain in the case, this matter is remanded back to the state court. Castellano v. Board of Trustees of the Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir.1991), *cert. denied*, 502 U.S. 941 (1991) (explaining that the factors of judicial economy, convenience, fairness and comity tilt towards remand when a federal court dismisses federal claims before trial).

    So Ordered.

                                                                                            /s/ Hugh B. Scott
                                                                          United States Magistrate Judge
                                                                          Western District of New York

Buffalo, New York
April 22, 2008